UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTTO RAUL HERNANDEZ AMADO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; PATRICIA HYDE, Boston Field Office Director, U.S. Immigrations and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:25-cv-13458-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

November 25, 2025

TALWANI, D.J.

Petitioner Otto Raul Hernandez Amado is a Guatemalan national who has been present in the United States for an unspecified amount of time. Pet. Ex. 1 at 1 [Doc. No. 1-1]. Petitioner alleges, and Respondents do not contest, that on October 22, 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Pet. ¶ 2. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, MA. Id. ¶ 1.

On November 13. 2025, Petitioner requested a bond hearing before the Immigration Judge. Pet. Ex. 2 CM/ECF p. 1 [Doc. 1-2]. The Immigration Judge found that Petitioner was subject to mandatory detention, pursuant to 8 U.S.C. § 1225, and declined to conduct a bond hearing. Id. On November 19, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc.

No. 1] with this court. Petitioner contends that, because of his residence within the United States, Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a), which requires, upon request, "a custody redetermination hearing (colloquially called a 'bond hearing')[.]" Id. ¶ 11.

Respondents concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz; __ F. Supp. 3d __, 2025 WL 3171043 (D. Mass. Nov. 13, 2025)." Resp. 1 [Doc. No. 9] (cleaned up).

Though Respondents note their disagreement with these decisions, Respondents acknowledge that, "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 20, 2025) (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than December 2, 2025, Hernandez Amado must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge again declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by

the immigration judge to retain Hernandez Amado in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

November 25, 2025                                                         /s/ Indira Talwani  
                                                                                       United States District Judge